This accelerated appeal comes to us from a judgment issued by the Sandusky Municipal Court in a dispute over the private sale of a computer.
Appellant, Harvey Steigerwald, sold a used computer and accessories to appellee, Denise M. Friend. When a dispute arose between the parties about payments and whether the computer contained software as represented, appellant filed an action in the municipal court to collect on an "installment note" signed by appellee. Appellant claimed that appellee owed a balance of $450. Appellee answered and counterclaimed for $56.90 (the net owed to her after deducting the cost of software purchased for $504.90 which she claimed was to have been included on her computer but was not.)
After conducting a hearing on the matter, the trial court determined the cost of the missing software programs and awarded appellant reduced damages of $242.09.
Appellant, acting pro se, now appeals from that judgment arguing in three assignments of error that the trial court erred in granting a reduced amount of damages, the judgment is against the manifest weight of the evidence, and the judgment is "contrary to the law of contracts."
We initially note that since no transcript of the proceedings was made, appellant attempted to add a "Statement of Evidence and Proceedings," pursuant to App.R. 9(C). That rule provides that
 "appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal." (Emphasis added.)
On June 14, 1999, appellant filed his first "Statement of Evidence and Proceedings" in the trial court. This document contained no certificate of service, nor is there any indication that the trial court approved such statement. The statement was then filed in this court on July 14, 1999 as part of the record. On July 26, 1999, appellant moved in this court to amend the statement of evidence. He was, however, directed by us to file this motion in the trial court for determination. We have no indication that appellant took any further action in regard to this matter.
Appellant's "Statement of the Evidence" was apparently not sent to appellee so as to allow her to respond and was never approved by the trial court. Therefore, we conclude that the statement does not comport with the requirements of App.R. 9(C). Since the record contains no transcript or other record of the proceedings, we must presume the regularity of the trial court. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Accordingly, appellant's three assignments of error are not well-taken.
The judgment of the Sandusky Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.